IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 6:14-cv-03021 ) |
| BOBBY JOE LAVENDER, JR., | ) ) |
| Serve at:<br>Ellsworth Correctional Facility<br>1607 State Street<br>Ellsworth, KS 67439 | ) ) ) ) ) |
| and | ) ) |
| LACIE REED, | ) ) |
| Serve at:<br>81 South McCain<br>Springfield, MO 65804 | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff American Bankers Insurance Company of Florida ("**ABIC**"), and for its cause of action for declaratory judgment against Defendants Bobby Joe Lavender, Jr. and Lacie Reed (collectively "**the Defendants**"), states as follows:

### Parties and Jurisdiction

1. ABIC is a corporation organized and existing under the laws of the State of Florida with its principle place of business in Miami, Florida.

2. Bobby Joe Lavender, Jr. is incarcerated at the Ellsworth, Kansas Correctional facility and prior to his incarceration was a citizen and resident of Kansas; therefore, for purposes of diversity of citizenship under 28 U.S.C. § 1332(a), he is a Kansas citizen.

3. Lacie Reed is a Missouri citizen.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201 because there is complete diversity between ABIC and the Defendants, the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is an actual and justiciable controversy presently existing between the parties.

5. This Court is the proper venue pursuant to 28 U.S.C. § 1391 and Local Rule 3.1 because Defendant Reed resides in Greene County, Missouri, and a substantial part of the events from which the present controversy and Reed's potential claims arose occurred in Greene County, Missouri.

## The ABIC Policy and Related Litigation

6. When Lavender purchased a mobile home in Pittsburg, Kansas, in September 1997, Lavender also purchased a mobile home owners property insurance and liability insurance policy from ABIC, Policy Number OAK0158218 ("**the Policy**," attached as Exhibit A). The liability policy limit is $25,000.00. The Policy was effective from September 23, 1997 to September 23, 1998.

7. An actual case or controversy of a justiciable nature exists between ABIC and the Defendants concerning the rights and obligations of the parties under the Policy because Reed has filed two lawsuits concerning Lavender's conduct during the Policy's effective period.

8. First, on September 17, 2012, Reed filed a lawsuit in the Circuit Court of Greene County, Missouri against Lavender alleging multiple tort claims arising from incidents which may have taken place during the Policy period. A copy of the petition in *Lacie Reed v. Bobby Joe Lavender, Jr., et al.*, Case No. 1231-CV13197 ("**the Greene County Lawsuit**") is attached as Exhibit B. On July 15, 2013, while Lavender was incarcerated in Kansas, the Circuit Court

entered default judgment against Lavender in the amount of $53,278,344 ("**the Judgment**"). ABIC was not put on notice of the Greene County Lawsuit.

9. Second, on October 18, 2013, Reed filed a lawsuit now pending in this Court against Assurant, Inc. and concerning the Policy. Although this lawsuit was originally filed in Jackson County, Missouri it was timely removed to the United States District Court for the Western District of Missouri. A copy of the notice of removal, including the petition, in *Lacie Reed v. Assurant, Inc., et al.*, Case No. 13-CV-1183 ("**the Federal Lawsuit**") is attached as Exhibit C. In the Federal Lawsuit, Reed seeks to enforce the judgment against Assurant pursuant to the Policy. Reed also named Lavender and several insurers as defendants in the Federal Lawsuit. Reed did not name ABIC as a Defendant, but instead named Assurant, Inc, which is not an insurer.

10. Through counsel for Assurant, Inc., ABIC became aware of these lawsuits and the allegations concerning Lavender's conduct during the Policy period. Reed has never filed a claim with ABIC. Lavender has never given to ABIC notice of Reed's claims, the alleged acts, or the Greene County Lawsuit.

11. After learning of Lavender's and Reed's potential claims under the Policy, ABIC conducted a claims investigation and has denied coverage on several grounds, including but not limited to the Policy's exclusion for injuries or damages arising out of sexual acts. The denial letter is attached as Exhibit D.

## Count I – Declaratory Judgment

12. ABIC incorporates by reference the allegations contained in Paragraphs 1 through 11 as if fully set forth herein.

13. The Policy includes personal liability coverage for certain conduct as set forth on page 6:

**LIABILITY**

Liability provides protection against accidents that happen to somebody else, but that YOU are legally responsible for, subject to all policy terms and conditions.

WE'LL pay under Personal Liability Coverage for damages YOU become legally obligated to pay when the damages occur on YOUR mobile home premises or result from YOUR personal actions.

14. But an endorsement, titled "MOBILE HOME PERSONAL LIABILITY AMENDATORY ENDORSEMENT" ("**the Endorsement**"), states that personal liability coverages "do not apply to Bodily Injury or Property Damage arising out of any sexual act, including, but not limited to, assault, molestation, abuse, incest or rape."

15. And on page 7, the Policy explains that there is no personal liability coverage for "bodily injury . . . which is expected or intended by YOU."

16. On page 6, the definition of Liability coverage provides protection against "accidents" only, and explicitly does not cover any intentional act.

17. There is no coverage under the Policy for the intentional sexual acts Reed alleges Lavender committed because those acts are specifically excluded from coverage in the Endorsement and because Lavender would have expected or intended those acts to cause bodily injury.

18. Further, there is no personal liability coverage because Lavender is not legally obligated to pay the Judgment as required in the Policy language set forth in Paragraph 13 above. Under Missouri and Kansas law, Lavender was not properly notified of the Judgment, therefore the Judgment is void and Lavender is not legally obligated to pay it.

19. The Policy also includes specific notice provisions on page 10, stating that "[w]hen YOU have a loss, YOU or someone on YOUR behalf must notify US at once."

20. ABIC received no notice of these potential claims, the Greene County Lawsuit or the judgment. The conduct causing the claimed losses occurred more than 15 years ago, the Policy under which coverage is sought lapsed more than 13 years ago, and ABIC received notice of the Greene County Lawsuit more than a year after it was filed. The delays in notice have prejudiced ABIC's ability to adequately investigate and respond to Reed's and Lavender's potential claims and related lawsuits.

21. On page 9, the Policy states that "[n]o interest in this policy can be transferred without OUR written consent."

22. ABIC has not provided Lavender with written consent to transfer an interest in the Policy, therefore Reed cannot pursue ABIC through any putative assignment.

23. Additionally, Reed failed to make a demand on ABIC for the policy's $25,000 liability limit prior to filing the Federal Lawsuit seeking to recover under the Policy. In fact, Reed filed litigation seeking to recover under the Policy before informing ABIC of the Greene County Lawsuit or the alleged conduct giving rise to her alleged claim.

24. ABIC has no duty to defend, indemnify, pay, or otherwise provide coverage under the Policy for reasons including but not limited to the following:

    a. There has not been a covered loss under the Policy because the Judgment is invalid, unenforceable, and void.

    b. Lavender's alleged conduct was intentional and Lavender would have expected or intended Reed's alleged injuries.

    c. Lavender's alleged conduct causing Reed's injuries constitutes sexual acts and such acts are excluded from coverage.

    d. Notice of the claim(s) was untimely and ABIC was prejudiced by late notice.

e. ABIC has not consented in writing to a transfer of Lavender's interest in the Policy.

f. Reed failed to make a policy-limits demand before filing the Federal Lawsuit seeking to recover under the Policy.

WHEREFORE, Plaintiff ABIC respectfully requests that the Court enter judgment in ABIC's favor

(a) declaring that ABIC has no duty to defend, indemnify, pay, or otherwise provide coverage under the Policy as a result of the alleged acts of Lavender as described in the Greene County Lawsuit, and

(b) awarding ABIC its costs and such other and further relief as is just and proper under the circumstances.

Dated: January 17, 2014        LATHROP & GAGE LLP

By:   /s/ *Richard N. Bien*
Richard N. Bien (31398)
rbien@lathropgage.com
Clay Britton (63437)
cbritton@lathropgage.com
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:  (816) 292-2000
Telecopier:  (816) 292-2001

ATTORNEYS FOR PLAINTIFF
*American Bankers Insurance Company of Florida*